**GULF STEVEDORE CORPORATION,**
**Appellant,**

v.

**FLOTA MERCANTE GRANCOLOM-**
**BIANA, S. A., et al., Appellees.**

**No. 25977.**

United States Court of Appeals
Fifth Circuit.

Sept. 30, 1968.

**538**

B. Jeff Crane, Jr., Vinson, Elkins, Weems & Searls, Larry B. Briggs, Houston, Tex., for appellant.

William C. Bullard, John N. Barnhart, Houston, Tex., for appellee; Baker, Botts, Shepherd & Coates, Houston, Tex., of counsel.

Before GEWIN, PHILLIPS * and GOLDBERG, Circuit Judges.

PER CURIAM:

Longshoreman Lattin brought a personal injury suit under the admiralty and and maritime jurisdiction of the United States District Court for the Southern District of Texas against the vessel upon which he was working at the time the injuries were received. The vessel owners impleaded Lattin's employer, Gulf Stevedore Corporation, the appellant, seeking indemnification together with attorney's fees and the expenses and costs of defense. Ryan Stevedoring Co., Inc. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 125, 76 S.Ct. 232, 100 L.Ed. 133 (1956). In the course of the joint trial of the personal injury action against the vessel and the vessel owners' indemnity action against the stevedore, settlement was reached between the claimant and the vessel and payment was made to the claimant. There is no complaint with respect to the judgment of the trial court insofar as it found liability on the third party action by the vessel owners against the stevedore. The appellant stevedore claims that the court erred in allowing recovery for attorneys' fees, costs and expenses in defending the suit and the sums received by the claimant under the Longshoremen's and Harbor Workers' Compensation Act. Under the terms of the settlement the claimant was to receive a certain sum "clear" over and above such compensation payments and the vessel agreed to indemnify him with respect to such payments.

Our examination of the record convinces us that the judgment of the trial court in awarding indemnity to the vessel owners was reasonable and proper under the facts and in the circumstances presented. No substantial issue of law is raised and the factual determinations made by the District Court appear to be just and correct.

Judgment affirmed.